adjudicated its liability to Blitch and Parish and decreed the payment of the debt to them by the Indemnity Company. See Phillips v. Gilbert, 101 U. S. 721, 11 Otto 721, 25 L. Ed. 833.

Section 3519, Rev. Gen. Stats. 1920, has no relation to the question. It relates only to the enforcement of liens which are existent. A lien that has been released has been discharged; the property has become liberated, freed, delivered, extracted from it. The force of the lien so released has been destroyed. Webster's New International Dictionary of the English Language, 1925 Ed.

In Jones v. Carpenter, 90 Fla. 407, 106 So. R. 127, this Court, speaking through MR. JUSTICE TERRELL, held that an equitable lien existed against one's homestead for money of another used by him in the improvement of the homestead property. However the point is immaterial as we hold that the lien was extinguished by the bond and was not revived by the complainant paying the debt.

The decree is reversed and the cause remanded with instructions to dismiss the bill.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.

LULA F. FAIN, a widow, WILL LEE FAIN, CHARLES M. FAIN, and GEORGE G. FAIN, DAN L. FAIN, CLARENCE FAIN, a minor, and ELIZA R. FAIN, a minor, *Appellants*, v. F. S. BRAY and L. S. BRAY, *Appellees*.

Division A.

Opinion filed July 30, 1929.

*Henry E. Williams,* for Appellant;

*William Hunter* and *Hampton, Bull & Pencke,* for Appellees.

LULA F. FAIN, a widow, WILL LEE FAIN, CHARLES M. FAIN, GEORGE G. FAIN, DAN L. FAIN, CLARENCE FAIN, a minor, and ELIZA R. FAIN, a minor, *Appellants,* v. F. S. BRAY and L. S. BRAY, *Appellees.* CITIZENS BANK & TRUST COMPANY, a Corporation, *Intervenor.*

Division A.

Decision filed March 19, 1929.